**UNITED STATES of America, Appellee,**

v.

**James Oakley ELLIS, Appellant.**

No. 12892.

United States Court of Appeals
Fourth Circuit.

March 21, 1969.

Theodore R. McKeldin, Jr., Asst. U. S. Atty., Baltimore, Md., for appellee.

Robert E. Cadigan, Baltimore, Md., James Oakley Ellis, in pro. per., for appellant.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

## MEMORANDUM DECISION

### PER CURIAM.

James Oakley Ellis appeals from an order of the District Court (Thomsen, J.) denying his motion to reduce sentence.

Ellis was convicted of interstate transportation of a forged security in December, 1967 on his plea of guilty. The District Court sentenced him to imprisonment for fifty-four months and recommended to the Parole Board that the time run concurrently with the time remaining to be served on an earlier sentence, as to which Ellis' parole had been revoked. Ellis claims that at that time the District Judge expressly promised that if the Parole Board did not accept this recommendation he would reduce the sentence by the entire amount of the remaining earlier sentence. (Some twenty months remained to be served at that time.) His motion to reduce sentence is based on that alleged promise.

We have examined the records of the case, including the transcript of sentencing, and find that there is nothing whatever to support Ellis' claim. The transcript reveals that the District Judge did make the recommendation as outlined above, and further stated that if the recommendation were not followed within 120 days after sentencing, he would review the sentence to determine what the Parole Board had done and to learn the Board's reasons for whatever action it took. He expressly stated that he would make no promise as to what action he might take on subsequent review of the sentence.

The Parole Board declined to follow the recommendation. Within the 120-day period, the District Judge did review the sentence and the Board's disposition, and on March 14, 1968 ordered that the sentence be reduced by eleven months. Relief was denied on Ellis' subsequent motion for a further reduction.

Any reduction of a lawful sentence, where a request is made within

**996**

the prescribed time, is a matter for the sound discretion of the District Court. Ellis was clearly advised at his sentencing that the question of reduction of his sentence would be determined by the circumstances as they appeared when the Parole Board's report was reviewed by the judge. We find no hint of impropriety or abuse of discretion in the judge's action.

Accordingly, the order denying further reduction of the sentence is affirmed.