**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest Ray COFFER, Defendant-
Appellant.**

No. 71–1091.

United States Court of Appeals,
Tenth Circuit.

Oct. 22, 1971.

Douglas Lancaster, Shawnee Mission, Kan., for defendant-appellant.

John J. Immel, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., and Stephen N. Lester, Asst U. S. Atty., on the brief) for plaintiff-appellee.

Before PHILLIPS, HOLLOWAY and DOYLE, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Coffer was convicted in the United States District Court for the Southern District of Indiana on an indictment charging him with a violation of the Dyer Act and was sentenced to the custody of the Attorney General for a period of four years. On December 12, 1968, he was removed from another federal penal institution to the United States Penitentiary at Leavenworth, Kansas, and on February 25, 1970, was transferred to the honor camp of that institution.

At 11 p. m., April 8, 1970, Coffer and another prisoner, Robert Lee Bolin, were found missing from the honor camp, and on April 9, 1970, they were apprehended near Jacksonville, Illinois, by an Illinois state trooper.

When the state trooper first observed them, they were traveling at a high rate of speed in an automobile bearing a government license plate. He pursued them until a collision occurred between the state trooper's car and their car, which was caused by the fact that they undertook to make a U-turn and lost control of their car and it ran into the state trooper's car. Following the collision, Coffer and Bolin were placed under arrest by the state trooper.

On May 6, 1970, an indictment was returned in the United States District Court for the District of Kansas, charging that Coffer "wilfully and unlawfully escaped from the United States Penitentiary Farm, Leavenworth, Kansas, while confined in such institution by direction of the Attorney General of the United States * * * pursuant to a sentence received after his conviction in the United States District Court for the Southern District of Indiana * * *."

On June 26, 1970, Coffer appeared before the court for arraignment, with his court-appointed attorney, John Anderson, Jr., and entered a plea of not guilty.

On August 27, 1970, Coffer appeared with such attorney, and with leave granted by the court, withdrew his plea of not guilty and entered a plea of guilty.

On August 27, 1970, Coffer wrote a letter to his court-appointed attorney, in which he said: " * * * you should have done more than you did even after the inducement of plea of guilty. Therefore our association has been terminated of the above date." Coffer sent a copy of such letter to the court.

Coffer appeared before the court on September 28, 1970. The court appointed a new counsel, Douglas Lancaster, to represent Coffer. Because Coffer had stated that his plea of guilty was induced, the court had set aside the plea of guilty, entered a plea of not guilty, and set the case for trial.

The case was called for trial on November 9, 1970. When the court inquired whether the government was ready for trial, counsel for the government said it was. When the court asked if the defendant was ready for trial, Mr. Lancaster announced that Coffer wished to change his plea of not guilty to guilty. He stated that while there were mitigating circumstances, he did not regard them to be a legal defense.

The court stated to Coffer, " * * * if you are guilty and want to enter a plea, I'll accept your plea of guilty. If not, your plea of not guilty will stand and we will have a jury here within fifteen minutes and be ready to start trying your case. What do you want to do?" Coffer said, "Plead guilty, sir." The court said, "Are you guilty?" Coffer replied, "Yes, sir," and further stated that no one had induced him to plead guilty. The court then accepted the plea of guilty, but said that sentence would be deferred pending a presentence investigation report. It then developed that such report had been completed and was ready for the court's examination.

Lancaster announced that he had read the report.

The court then recessed the hearing of the Coffer case to take up another matter. Following the recess, the hearing in the Coffer case proceeded. The court announced he had the presentence report, dated September 9, 1970, and inquired of the probation officer if he had any information supplemental thereto. The probation officer said "No," but "maybe Agent Witschard had." Witschard, in response to the court's question stated, "I am not sure what the presentence report contains. There is a question of whether or not it contains the circumstances of how he was apprehended." The court then stated, "Yes, after the wreck and it also mentioned that the Illinois police were pursuing the defendant and another, because they wanted to question them relative to a robbery at Linville, Illinois." That statement by the court clearly shows that he had read the presentence report during the recess and also that the report covered the circumstances surrounding the arrest and the pursuit of Coffer and Bolin by the state trooper; and that the court had knowledge of such circumstances and the other matters covered by the presentence report and did not, as stated by counsel for Coffer in his brief, first learn of them through the evidence introduced at the trial. The court then inquired of Lancaster if he desired to say anything further in behalf of Coffer. Lancaster stated that Coffer had requested not to be moved to the honor camp; that it was not a violent breakout, and that they apparently just walked away and it seemed strange that Coffer would knowingly leave the honor camp when he only lacked one year of having served his sentence. The court then asked Coffer if he had anything to say in his own behalf, by way of explanation and mitigation or any reason to urge why the judgment and sentence of the court should not now be pronounced.

Coffer replied, "I think he pretty well covered it, covered the meat of the thing."

The court then observed, "In reviewing the presentence report and circumstances of your arrest, I would have sentenced you to more than I'm going to sentence you, because I find that I gave your companion, Robert Lee Bolin, only one year and one day consecutive to the sentence he was then serving * * *."

Coffer then said, "May I say one thing, Your Honor?" The court replied, "Yes, you may." Coffer then said, "From the time I left the institution until I woke up in the Terre Haute Hospital, I don't even remember leaving the place." The court then asked Coffer, "You don't even remember leaving the penitentiary?" Coffer said, "No, sir." The court then stated, "The plea of guilty will be set aside," and that the trial of Coffer would proceed.

We do not construe the statement made, supra, by the court, with respect to the sentence he was going to impose on Coffer, meant that he was going to sentence Coffer only to a year and a day, and it is apparent that Coffer understood he was going to receive a sentence of more than a year and a day, because it engendered his statement that he did not remember anything from the time he left the institution until he woke up in the Terre Haute Hospital, and that he did not remember leaving the penitentiary.

The trial was commenced and concluded on November 9, 1970.

The state trooper testified that the Sheriff's Office of Morgan County, Illinois, had notified him that a robbery had been committed at a farm house near Linville, Illinois, and gave him a description of the automobile the robbers were driving; that he saw an automobile coming toward him which answered such description and he turned around and followed it; that after the suspected car in which Bolin and Coffer were traveling had traveled about one-half mile from where he started to follow it, such car turned off of Highway 36 onto a country road, and that he also turned and continued to follow it on the country road at a distance behind it of about 150 yards; that it was rolling country and

when they topped a hill ahead of him they were temporarily out of his sight; that at a time when they were thus out of his sight, they endeavored to make a U-turn, lost control of their car, and ran into the trooper's lane; that he made every effort to avoid a crash, but was unable to do so; that other officers arrived at the scene; that an ambulance was called, and Coffer and Bolin were taken to the hospital at Jacksonville for treatment of their injuries.

And Coffer testified that when he was transferred to the honor camp he was placed on plumbing detail and that the plumbing foreman failed to show up for work on April 8, 1970; that he started drinking early in the morning and continued to drink, and that he did not remember anything that happened; that the next thing he remembered was when he came to in the hospital at Terre Haute.

The jury returned a verdict of guilty as charged in the indictment, and on November 9, 1970, the court sentenced Coffer to the custody of the Attorney General for imprisonment for a period of two years and six months. On November 18, 1970, Coffer filed a notice of appeal from the judgment of conviction and sentence and thereafter duly prosecuted such appeal.

Within 60 days after Coffer's sentence was imposed, he filed a motion under Rule 35 of the Federal Rules of Criminal Procedure for reduction of his sentence, which the court denied without a hearing. Within such 60-day period, Coffer filed another motion for reconsideration of his motion to reduce his sentence, and asked that such motion be set down for oral argument. The latter motion was denied on December 28, 1970.

On January 7, 1971, Coffer filed a notice of appeal from the denial of his motion to reconsider the motion for reduction of sentence, and thereafter duly prosecuted such appeal.

We shall first consider the contention made in Coffer's brief that the court erred in setting aside his plea of guilty and

putting him on trial on his plea of not guilty.

Rule 11 of the Federal Rules of Criminal Procedure, in part here pertinent, provides:

"* * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

█ It is obvious that the court, when he set aside the plea of guilty and announced that the case would proceed to trial, was not satisfied there was a sound factual basis for the plea of guilty entered on November 9, 1970, because of the facts and circumstances which occurred between the receipt of such plea of guilty and the time the court set it aside.

And we think it clear that the court was justified, under the existing facts and circumstances, in not being satisfied of Coffer's guilt when he set aside the plea of guilty and announced that the case would proceed to trial.

█ The other ground urged by Coffer for reversal was the denial of the motion to reduce the sentence and the motion to reconsider such sentence.

Rule 35 of the Federal Rules of Criminal Procedure, in part here pertinent, reads:

"* * * The court may reduce a sentence within 60 days after the sentence is imposed, * * *."

The granting or denying of a motion to reduce a valid sentence rests in the sound discretion of the sentencing court and will not be reviewed, except for the abuse of such discretion.[1]

After a careful consideration of the entire record, we are of the opinion that the court did not abuse his discretion in denying Coffer's motions to reduce his sentence.

Accordingly, the judgment and sentence are

Affirmed

---

1. Jacobsen v. United States, 8 Cir., 260 F.2d 122, 123; United States v. Ellis, 4 Cir., 413 F.2d 994, 995.