Jacob N. JACOBSEN, Appellant,

v.

UNITED STATES of America,
Appellee.

Russell C. ICKES, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 16002, 16006.

United States Court of Appeals
Eighth Circuit.

Oct. 17, 1958.

Richard C. Turner, Council Bluffs, Iowa (G. O. Hurley, Harlan, Iowa, was with him on the brief), for appellants.

Roy L. Stephenson, U. S. Atty., Des Moines, Iowa (John C. Stevens, and Richard J. Wells, Asst. U. S. Attys., Des Moines, Iowa, were with him on the brief), for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

These are separate appeals by defendants, each of whom was charged by indictment with having carried on, in the Southern District of Iowa, the business of a retail liquor dealer, and having willfully failed to pay the special tax required by law, a federal offense under 26 U.S.C. § 5691. Both indictments were returned on March 12, 1958. The defendants, each represented by counsel of his own choice, were arraigned at the same time and place on April 7, 1958. Each defendant asked leave to enter a plea of nolo contendere. The United States Attorney objected. The pleas were accepted and entered after the court had ascertained from each defendant that he fully understood the effect of the plea, the charge against him, and the maximum sentence that could be imposed. The United States Attorney, after each of the defendants had announced his readiness to be sentenced, gave to the court such information as he had respecting the separate offenses and offenders. Counsel for the defendants then made statements on their behalf, which were, generally, to the effect that the failure to pay the federal tax for the period referred to in the indictment was due to "the policy of the State of Iowa

to enforce much more strictly [than formerly] the laws against the retail sale of liquor and the keeping of liquor where beer is sold." After counsel for each of the defendants had spoken, the court made some disparaging remarks about state liquor law violators, and imposed upon each of the defendants a sentence of one year's imprisonment.

On April 12, 1958, each defendant filed a motion, under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C., to reduce his sentence and "to hear evidence, testimony of character witnesses and further arguments of defendant's attorney in connection with the severity of the punishment for defendant's crime."

On April 14, 1958, the defendants and their counsel appeared before the court in support of their motions. The court declined to hear witnesses, made some further derogatory remarks about the defendants and their business, and then entered an order overruling their respective motions, but reducing the sentence of each of them to six months' imprisonment. These appeals followed.

The defendants assert that the court erred "in sentencing defendants to the penitentiary for the sole reason that they violated the Iowa law," and "in overruling defendants' motions to reduce sentence and hear evidence as to character."

We can find no basis in the record for disturbing the sentences imposed upon the defendants. By their pleas of nolo contendere, which legally were the full equivalent of pleas of guilty, each convicted himself of a federal offense the maximum punishment for which was a fine of $5,000 and imprisonment for not more than two years. When a District Judge imposes a sentence authorized by statute of the United States, he commits no error of law. Affronti v. United States, 8 Cir., 145 F.2d 3, 10 and cases cited. The motions of the defendants for a reduction of their sentences were addressed to the discretion of the District Court, which committed no abuse of discretion in declining to hear testimony or arguments.

These appeals are without substantial merit. The judgments appealed from are affirmed. Mandates will issue forthwith.