Bobby Ray ALLEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20940.

United States Court of Appeals Fifth Circuit.

Jan. 29, 1964.

Bobby Ray Allen, pro se.

B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

This suit was brought by appellant as a post-conviction proceeding attacking an action of the United States Board of Parole in regard to an eighteen month sentence imposed on him by the federal court in Dallas, Texas.

The petition states that it is brought under 28 U.S.C.A. § 2255, and appellant presents the case on that basis in this Court. However, appellant has filed and prosecuted this action without the assistance of counsel, and we have also considered his pleading from the standpoint of an application for writ of habeas corpus for the purpose of determining if he could be entitled to any relief from either type of proceeding. A brief statement of the facts will show that there is no basis for the relief prayed for regardless of whether his petition is considered as a motion under 28 U.S.C.A. § 2255 or as an application for writ of habeas corpus.

On July 31, 1957, the United States District Court for the Eastern District of Texas sentenced the appellant to four years upon his plea of guilty to a violation of the Dyer Act. On May 28, 1958, he was convicted in the United States District Court for the Northern District of Texas on a charge of escaping from federal custody in violation of 18 U.S.

59

C.A. § 751, and was given a sentence of eighteen months to run consecutively with his four year term. He was paroled on October 3, 1961, after serving the balance of his four year sentence and a portion of his eighteen month term. He committed another federal offense during the period of his parole, for which the United States District Court for the Western District of Oklahoma, on December 20, 1961, gave him a term of five years. On January 3, 1962, that sentence was reduced to three years. At all times material to this litigation the appellant has been in custody in the United States Penitentiary at Leavenworth, Kansas, under that three year sentence.

Appellant was advised on February 16, 1962, during the service of his three year sentence, that a parole violator's warrant had been issued upon order of the Board of Parole on account of his last offense and conviction in Oklahoma, and that the warrant was being held as a detainer against him for service of the unexpired portion of his eighteen month sentence. His purpose in bringing this suit is to attack the legality of the action of the Board of Parole in issuing the parole violator's warrant, on the ground that the method of execution of his sentence and the computation of time thereon is illegal. He raises no question about the validity of the eighteen month sentence imposed upon him in the court below.

We are of the opinion that the trial court correctly denied the relief sought by appellant, for the following reasons: (1) A motion under 28 U.S.C.A. § 2255 was proper only for the purpose of attacking the validity of petitioner's eighteen month sentence. (2) Such a motion could not be employed to question an action of the Board of Parole or Bureau of Prisons regarding the manner in which the prison sentence had been or was being executed. United States v. Howell, 103 F.Supp. 714, 718 (D.C.W.Va. 1952), affirmed, Howell v. United States, 199 F.2d 366 (4 Cir., 1952). (3) It would avail the petitioner nothing to consider his petition as an application for writ of habeas corpus, as he was not in custody within the territorial limits of the court below at the time of the institution of this suit. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 93 L.Ed. 1898 (1948); Whiting v. Chew, 273 F.2d 885 (4 Cir., 1960).

The judgment is affirmed.