James B. STINSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17733.

United States Court of Appeals Eighth Circuit.

March 9, 1965.

Gad C. Smith, of Spencer, Fane, Britt & Browne, Kansas City, Mo., submitted typewritten brief for appellant.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., submitted typewritten brief.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the United States District Court, Western District of Missouri, Judge Oliver, denying appellant's motion for relief under 28 U.S.C.A. § 2255.

We review the relevant events in chronological order. On October 23, 1953, appellant pled guilty to both counts of an information charging him with two violations of the Dyer Act, 18 U.S.C.A. § 2312, and on the same day concurrent sentences of 5 years on each count were imposed.

On April 10, 1957, appellant was conditionally released from the federal peni-

tentiary at Leavenworth, Kansas, having earned a total of 560 days of statutory and extra "good time." On July 26, 1957, and while on conditional release from the October, 1953 sentence, appellant was arrested in Florida on new charges, and on November 22, 1957, upon his plea of guilty, appellant was sentenced by the United States District Court for the Southern District of Florida to 5 years imprisonment on Count One of an information (violation of 18 U.S.C.A. § 2314, transportation of a false security in interstate commerce) and 4 years on Count Two of the information (violation of 18 U.S.C.A. § 2312, Dyer Act) for a total of 9 years.

On July 26, 1957, shortly after the arrest of appellant for the federal offenses committed in Florida, the United States Board of Parole issued its Parole Violator Warrant which was not executed until March 17, 1964, appellant's mandatory release date from the sentence of the Florida court. On the latter date appellant began serving the 560 days of the October, 1953 sentence.

In the meantime and on July 5, 1963, appellant filed a motion for writ of error coram nobis in the United States District Court for the Western District of Missouri. This application was denied on July 23, 1963. Additional papers were filed by appellant in the same court, which led to the appointment of counsel for appellant.

The question presented for the district court's determination was whether the 1953 sentence expired prior to the execution of the Parole Violator Warrant. The appellant through counsel argued for an affirmative answer and a discharge from the Leavenworth prison.

On June 15, 1964, the court, on the authority of Voorhees v. Cox, 140 F.2d 132, (8 Cir. 1944) denied appellant's motion. This appeal, in forma pauperis, followed. The attorney who represented appellant in the district court represents him on this appeal.[1]

 The sole question which appellant would like to have determined is, in his words, "Where a conditionally released federal prisoner commits another federal offense while still in a parole status, who—the sentencing court or the U. S. Board of Parole—is to decide the method of service of the unexpired first sentence as related on the new, second sentence." That question, fortified by the proceedings in the district court, conclusively demonstrates that appellant is not attacking the validity of the sentence imposed upon him in October, 1953, rather, he is questioning the action of United States Board of Parole regarding the *manner* in which that sentence is being executed. Appellant may not utilize 28 U.S.C.A. § 2255 to secure the relief he seeks. This is clear from the language of the statute itself, and from the cases where the question arose. United States v. Howell, 103 F.Supp. 714, 718 (S.D.W.Va.1952) affirmed; Howell v. United States, 199 F.2d 366 (4 Cir. 1952); Allen v. United States, 327 F.2d 58 (5 Cir.1964). If appellant is being illegally detained, his remedy is by habeas corpus in the proper judicial district.

Accordingly, and inasmuch as the District Court for the Western District of Missouri lacked jurisdiction to grant the relief sought, the order appealed from is vacated and the cause is remanded with directions to dismiss without prejudice to the appellant to seek appropriate relief in the proper forum.

1. We are advised by the United States Attorney that on July 9, 1964, and after the Court denied appellant's motion, appellant escaped from the Leavenworth penitentiary; that thereafter he committed another offense in the State of Texas, and on August 6, 1964, the District Court of Ochiltree County, Texas, sentenced appellant to a term of two to five years for theft of property, and that he is presently serving that sentence in a penal institution in Texas.