**Stanley HALPRIN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 68 Civ. 4376.**

United States District Court
S. D. New York.

Dec. 31, 1968.

Stanley Halprin, pro se.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for the United States; Ross Sandler, Asst. U. S. Atty., of counsel.

OPINION

WEINFELD, District Judge.

Petitioner is currently confined to the Lewisburg Federal Penitentiary following his conviction upon his plea of guilty to a narcotics violation and for conspiracy to violate the narcotics laws. He now attacks the validity of proceedings before the United States Board of Parole which resulted in the revocation of his parole. Petitioner claims that at the revocation proceeding, which was conducted at Terminal Island, Federal Correctional Institution, San Pedro, California, he was denied the right to call witnesses on his behalf and the benefit of counsel to aid him in his defense; also that he was denied a thirty-day extension to obtain such witnesses and counsel, all in alleged violation of the Board's own regulations and petitioner's constitutional rights.

■■ Petitioner does not attack the validity of his sentence as such, but his continued detention based upon the revocation of his parole. The remedy provided in section 2255 is therefore not available to him. Stinson v. United States, 342 F.2d 507, 508 (8th Cir. 1965); Allen v. United States, 327 F.2d 58, 59 (5th Cir. 1964); In re Gillette, 175 F.Supp. 255, 257 (E.D.N.Y.1959); United States

---

v. Howell, 103 F.Supp. 714, 718 (S.D.W. Va.), aff'd, 199 F.2d 366 (4th Cir. 1952). The absence of petitioner and his warden from this district leaves the Court without jurisdiction under section 2241. Jones v. Cunningham, 371 U.S. 236, 243–244, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Ahrens v. Clark, 335 U.S. 188, 192, 68 S. Ct. 1443, 92 L.Ed. 1898 (1948). Accordingly, the petition must be dismissed for want of jurisdiction, without prejudice to renewal in a court of proper jurisdiction.