Richard Allen TANNER, Appellant,

v.

R. I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, et al., Appellees.

No. 20149.

United States Court of Appeals, Eighth Circuit.

April 14, 1971.

Rehearing En Banc Denied May 11, 1971.

Bright, Circuit Judge, concurred in result and filed opinion.

Richard Allen Tanner, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., filed brief for appellees.

Before MEHAFFY, GIBSON and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Richard Allen Tanner, petitioner, appeals pro se from an order of the United

States District Court for the Western District of Missouri, Western Division, denying relief under Tanner's motion pursuant to 28 U.S.C. § 2255 and dismissing his habeas corpus petition for want of jurisdiction. We affirm.

Tanner, while out on parole from the United States Penitentiary at Leavenworth, Kansas where he had served three and one-half years of two five-year consecutive sentences which he received in Wichita, Kansas, was convicted of a Dyer Act violation in the district court of Missouri and sentenced to a term of five years to be served concurrently with the two five-year unexpired sentences which had six and one-half years to run. This court affirmed the conviction for the Dyer Act violation in Tanner v. United States, 401 F.2d 281 (8th Cir. 1968), cert. denied, 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed.2d 806 (1969).

On December 2, 1966, while Tanner was in custody on the Dyer Act charge, the United States Board of Paroles issued a parole violator warrant against him for leaving the district of parole without permission and for committing another crime. He was returned to the penitentiary at Leavenworth on September 13, 1967 to commence serving his Dyer Act sentence, but the prison officials (as directed by the Parole Board) did not execute the parole violator warrant, thus preventing the prior sentences and the Dyer Act sentence from being served concurrently.

Tanner then timely filed a motion seeking a reduction of his Dyer Act sentence under 18 U.S.C. Fed.R.Crim.P. 35 on the ground that the trial court's intent in imposing the sentence was not being carried out. Before the court acted on the Rule 35 motion, Tanner filed the present action on December 22, 1969. The prior motion and the present petition were both acted upon by the court on January 20, 1970. The court granted a reduction in sentence from five years to three years as by this time it was apparent to the court from letters and documents submitted by Tanner that the

Board had no intention of executing the detainer and thus allowing concurrent service. It was for this reason that the district court reduced the original five-year sentence to a three-year sentence of imprisonment in custody of the Attorney General, further providing in its judgment that Tanner could become eligible for parole at such time as the Board might determine in accordance with the provisions of 18 U.S.C. § 4208(a) (2).

On the day that the court entered its judgment reducing the original five-year sentence to three years, it issued its memorandum and order dismissing Tanner's petition for writ of habeas corpus. In this order the court noted that Tanner used the form pertaining to a motion under § 2255 but observed that Tanner was not attacking the validity of the Dyer Act sentence but rather the proper administration of his earlier sentences and therefore the § 2255 motion was not properly before the district court, and, further, that the court lacked jurisdiction to entertain the petition for writ of habeas corpus since Tanner was not within its jurisdiction.

■ Tanner's chief complaint is that the Board ignored the original sentence of the sentencing court in the Dyer Act case which contemplated that said sentence would run concurrently with the unexpired sentences from Kansas. Tanner, however, misconceives the authority of the Parole Board in situations such as this. Probably the leading case on the subject and certainly one which clearly explains the logic in granting such sole authority to the Parole Board is Zerbst v. Kidwell, 304 U.S. 359, 58 S. Ct. 872, 82 L.Ed. 1399 (1938), in which Mr. Justice Black writing for the Court held that a prisoner sentenced to a federal penal institution for an offense committed while on parole from such an institution may be required by the Parole Board to serve the unexpired portion of his first sentence after the expiration of his second sentence.

There was a strikingly similar factual situation in Stinson v. United States, 342 F.2d 507 (8th Cir. 1965). We held

there that a petitioner cannot utilize 28 U.S.C.A. § 2255 to seek the relief here sought, stating at page 508 of 342 F.2d the following:

"The sole question which appellant would like to have determined is, in his words, 'Where a conditionally released federal prisoner commits another federal offense while still in a parole status, who—the sentencing court or the U. S. Board of Parole—is to decide the method of service of the unexpired first sentence as related on the new, second sentence.' That question, fortified by the proceedings in the district court, conclusively demonstrates that appellant is not attacking the validity of the sentence imposed upon him in October, 1953, rather, he is questioning the action of United States Board of Parole regarding the *manner* in which that sentence is being executed. Appellant may not utilize 28 U.S.C.A. § 2255 to secure the relief he seeks. This is clear from the language of the statute itself, and from the cases where the question arose. (Citing cases.) If appellant is being illegally detained, his remedy is by habeas corpus in the proper judicial district."

In the later case of Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967), Judge Heaney speaking for the court said at 477:

"It is established that if a federal prisoner on parole commits a second federal offense for which he is convicted and sentenced, that imprisonment under the second offense in a federal prison does not count as time served as part of his original sentence." (Citing Zerbst v. Kidwell, *supra.*)

Judge Heaney further commented on the same page as follows (385 F.2d at 477):

"The Attorney General of the United States is given the right to designate where a sentence shall be served. 18 U.S.C.A. § 4082(a). Thus, the recommendation of the District Court that Hash's original sentence run concur-

rently with the state sentence then being served in a state prison was surplusage and could have been disregarded by the Attorney General."

 Tanner contends that the sentence was invalid since it could be arbitrarily fulfilled or altered by administrative officers and that he was deprived of due process by reason of the faulty pre-sentence report which failed to advise the Missouri district court that the prison authorities had no intention of executing the parole violator warrant so that the sentences could be served concurrently. We find that these arguments of Tanner are completely without merit. The sentencing court knew at the time of its ruling on Tanner's Rule 35 motion that the Parole Board had no intention of permitting the sentences to run concurrently and this is the precise reason that Judge Collinson reduced the sentence. Thus, there is no factual basis to support Tanner's contention that he was deprived of due process. See and compare Moore v. Smith, 412 F.2d 720 (7th Cir. 1969).

The issue of territorial jurisdiction was discussed by Judge Heaney in the recent case of Brown v. State of Arkansas, 426 F.2d 677, 678 (8th Cir. 1970), and he quoted from Booker v. State of Arkansas, 380 F.2d 240, 243 (8th Cir. 1967), as follows:

" '* * * Although the detainer was placed in Georgia by Arkansas officials, Booker was not within the territorial jurisdiction of the Eastern District of Arkansas, or, indeed, within the territorial jurisdiction of the Eighth Circuit when his petition was filed. The district court, therefore, has no jurisdiction to issue the writ. * * *' "

Judge Bright in his concurring opinion in Brown v. State of Arkansas, *supra*, entertained serious doubt as to the continued vitality of our decision in *Booker*, *supra*, in light of the expanded scope of habeas corpus relief as authorized by Carafas v. LaVallee, 391 U.S. 234, 88 S.

Ct. 1556, 20 L.Ed.2d 554 (1968), but observed (426 F.2d at 679):

" * * * Courts have long recognized that the only proper, indispensable party who may be called upon to defend a habeas corpus petition is one exercising some power of detention or control over the petitioner. Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964)."

In the case at bar the district court correctly ruled that Tanner's petition is in effect a habeas corpus petition and should be dismissed without prejudice to petitioner's right to bring the proceedings before a proper tribunal. Tanner is confined in the State of Kansas; Kansas is also the state where he was convicted of the crimes for which he is now serving time in Leavenworth and the state from which issued the parole violator warrant which was used as a detainer. We do not have the multistate problems which were involved in Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970), and Word v. State of North Carolina, 406 F.2d 352 (4th Cir. 1969).

We affirm the judgment of the district court dismissing Tanner's petition, without prejudice, for want of jurisdiction. If Tanner is indeed being illegally detained, his remedy is by habeas corpus in the proper judicial district.

BRIGHT, Circuit Judge (concurring).

I concur in the result. The district court afforded what relief it could in response to appellant Tanner's complaints. Tanner's efforts to obtain further relief through habeas corpus must be addressed to the United States District Court in the State of Kansas, where he is presently incarcerated. However, I disagree with the majority's comments on the merits of Tanner's petition for reasons stated herein.

At the time of Tanner's parole violation, he faced a maximum of six and one-half years of service under his 1962 convictions and sentences. Judge Collinson, in pronouncing sentence in 1967 for the Dyer Act violation, which occurred in Missouri, directed that this sentence run concurrently with the earlier sentences. In doing so, the district court expressed an intent that the Parole Board, within limits, control the time to be served by Tanner. That limit, of course, was the six and one-half years remaining to be served on Tanner's prior sentences.

Under the rule of Zerbst v. Kidwell, 304 U.S. 359 (1938), the Board of Parole, not the district court, generally determines whether the balance of the first sentence shall be served consecutively with the second sentence. See Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966); Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966), cert. denied, 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554 (1967); Woykovsky v. Chappell, 1119 U.S.App.D.C. 8, 336 F.2d 927 (1964), cert. denied, 380 U.S. 916, 85 S.Ct. 728, 13 L.Ed.2d 705 (1965); Johnson v. Wilkinson, 279 F.2d 683 (5th Cir. 1960). Notwithstanding this rule, the district court retains its inherent power to determine the length of the sentence for the particular crime before it. In sentencing Tanner to five years on the Dyer Act conviction, Judge Collinson expected the Board of Parole to execute its parole violator's warrant against Tanner so that the sentences could be served concurrently. Petitioner's unchallenged claim on this appeal is that the chief parole officer for the Western District of Missouri acquiesced "to the concurrency" of the sentences. In his memorandum opinion granting Tanner a reduction of sentence, Judge Collinson stated:

"This Court imposed a five year sentence, and intended for that sentence to run concurrently with a previous federal sentence on which petitioner had six and a half years left to do. It now appears certain that the Board of Parole is not going to execute the detainer [parole violator's warrant] still pending against Tanner. If they had done so, the two sentences would have run concurrently.

However, the warrant is still outstanding, and an exhibit submitted by Tanner indicates that the Board does not intend to execute that warrant until the sentence imposed by this Court is fully served.

\* \* \* \* \* \*

The five year sentence imposed by this Court was imposed in that length because we assumed that the warrant would be executed. It now appears that this assumption was mistaken, and that Tanner will be required to do more time than we intended for him to serve when sentence was imposed. It is just under the circumstances that his motion to reduce sentence, which was received by this Court on May 14, 1969, should be granted."

Notwithstanding this reduction in sentence, petitioner may be compelled to serve a total of six and one-half years under the prior sentences, plus an additional twenty-seven months which Tanner had already served upon his 1967 Dyer Act conviction. Thus, in spite of the district court's clearly expressed intent in sentencing Tanner on the Dyer Act conviction, Tanner may be required to serve a much longer period of time than contemplated by the district court.

In my view, Tanner's petition raises serious questions of due process. I do not agree with the majority that Moore v. Smith, 412 F.2d 720 (7th Cir. 1969), resolves these questions adversely to the petitioner. That case is factually distinguishable from the circumstances presented here. There, the sentencing judge had not been apprised of the pendency of any parole violator's warrant and, in any event, he sentenced the defendant to a minimal term on the charge. In upholding the district court's denial of habeas corpus relief, the Seventh Circuit observed:

"It is true that the sentencing judge, if apprised of the pendency of the violator's warrant, could have chosen to shorten the new sentence to take account of the balance of the prior sentence remaining to be served. \* \* \* Indeed, the record does not disclose whether the sentencing judge was even aware of the fact that this was petitioner's second offense, a fact which might have weighed against petitioner in the sentencing process rather than in his favor.

\* \* \* The record reveals no attempt by petitioner to bring the existence of the warrant to the attention of the sentencing court by way of motion for reduction of sentence, and if such a motion was made, that would in itself undercut petitioner's claim of prejudice." 412 F.2d at 724.

As yet, petitioner has not in fact served any time in excess of the six and one-half years owed upon his 1962 convictions. It is, of course, possible that the Board of Parole may afford him administrative relief. Upon seeking federal habeas corpus relief from a United States District Court for the District of Kansas, where he is now incarcerated, the habeas court may fashion appropriate relief to assure petitioner that he will not be required to serve more than six and one-half years imprisonment, less appropriate allowances.

Accordingly, I would affirm only on the issue of jurisdiction. I think it inappropriate for this court to comment further upon the merits of petitioner's allegations.

I add this caveat. The judicial power of the federal courts extends to restrict administrative prerogatives which encroach upon a federal court's exercise of its sentencing functions. I believe that the Board of Parole should cooperate with the sentencing court in fixing the maximum term of imprisonment to be served by parole violators such as petitioner Tanner. Such cooperation will avoid the misunderstanding and controversy such as have arisen in the instant case.