**Norman Eugene LEE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 73–1653.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1974.

Decided Aug. 1, 1974.

---

John T. Lavey, Little Rock, Ark., for appellant.

Kenneth Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before VOGEL, Senior Circuit Judge, GIBSON and WEBSTER, Circuit Judges.

GIBSON, Circuit Judge.

Petitioner filed this 28 U.S.C. § 2255 action in the United States District Court, Eastern District of Arkansas,[1] alleging *inter alia* constitutional deprivation of due process rights by delay of the United States Board of Parole (Board of Parole) in executing a parole violator warrant and in the failure of the Board of Parole to hold a parole revocation hearing in 1968, the original date of the revocation warrant. The facts and actions of various courts are complex and require detailed consideration.

On March 2, 1962, petitioner pled guilty to five counts of violating the Dyer Act (interstate transportation of stolen vehicles, 18 U.S.C. § 2312) in the United States District Court, Eastern District of Arkansas.[2] Judge Henley sentenced petitioner to a total of nine years imprisonment on this "Arkansas" conviction. On December 26, 1966, petitioner was paroled from the sentence for the "Arkansas" conviction and, sometime during the spring of 1968, violated his parole. On May 8, 1968, the Board of Parole issued a parole violator warrant, which was delivered to the United States Marshal for the Southern District of Indiana.

For reasons unknown to us, Kansas state authorities had custody of petitioner during July, 1968, and released him to federal authorities in Kansas on July 23, 1968. The May 8, 1968, parole violator warrant was delivered to the United States Marshal for Kansas on August 11, 1968, but was not served on petitioner at this time. On September 19, 1968, a federal grand jury in Kansas indicted petitioner for new violations of the Dyer Act, and on December 5, 1968, petitioner pled guilty to these "Kansas" counts. The Honorable George Templer, United States District Judge

1. The Honorable J. Smith Henley, Chief Judge, United States District Court, Eastern District of Arkansas.

2. We shall refer to this first Dyer Act conviction in Arkansas as the "Arkansas" con-

viction and the second Dyer Act conviction in Kansas, to be discussed *infra*, as the "Kansas" conviction.

for the District of Kansas, sentenced petitioner to four years imprisonment for the "Kansas" violations.[3] On February 3, 1969, petitioner commenced serving the four-year sentence for the "Kansas" conviction. The May 8, 1968, parole violator warrant remained lodged, but was not served, on the petitioner while he served the sentence for the "Kansas" conviction in the United States Penitentiary in Terre Haute, Indiana. On July 14, 1971, the petitioner completed serving his sentence for the "Kansas" conviction, and, on that same day, the May 8, 1968, parole violator warrant was served on petitioner at the penitentiary in Terre Haute, Indiana. The Board of Parole pursuant to this warrant arrested the petitioner.

On July 16, 1971, an attorney in Indiana was appointed by a United States Magistrate to represent petitioner at a parole revocation hearing at the United States Penitentiary, Terre Haute, Indiana, which was held August 9, 1971. Petitioner objected to the hearing on the ground that the Board of Parole lacked jurisdiction over petitioner and informed it that he would file a habeas corpus action in the federal district court in Indiana. After the hearing, petitioner's parole granted on December 26, 1966, was revoked. The petitioner commenced serving the remainder of his nine-year sentence for the "Arkansas" conviction first in Terre Haute and then in Minnesota. Petitioner was paroled again, subject to the supervision of parole authorities in Indiana. He again violated his parole, which again was revoked. The briefs and record do not indicate exactly when this revocation occurred and whether a hearing was held. By last notice to this court, the petitioner is incarcerated in Indiana and

serving the remainder of the nine-year sentence for the "Arkansas" conviction.

On August 26, 1971, while incarcerated in Indiana, the petitioner filed a *pro se* habeas corpus action before the Honorable James E. Noland, United States District Judge, Southern District of Indiana, Terre Haute Division. According to counsel for petitioner in the reply brief before this court, the basis of petitioner's "writ of habeas corpus filed with Judge Noland on August 26, 1971, was that the United States Board of Parole executed its May 8, 1968 parole violator warrant on the last day of appellant's Kansas Dyer Act sentence, which caused him to serve the remainder of the sentence imposed on him by Judge Henley on March 2, 1962." On November 26, 1971, Judge Noland dismissed the habeas corpus action and held that petitioner's proper action was a § 2255 motion before the sentencing judge.[4] In denying petitioner's motion to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), Judge Noland on December 21, 1971, explained:

The decision merely said that petitioner was asking the wrong judge for relief. This Court expressed concern over the Parole Board's action in preempting the trial judge's responsibilities in sentencing. The trial judge sentenced as to the Dyer Act violation; the Parole Board decided that the parole violation merited consecutive sentences. This Court feels that the sentencing judge should be able to review that determination. Parole Boards commonly do what petitioner here complains of, and the judge in this case may not care to review the sentencing. However, those determinations should be made by him. This Court therefore recommended that

3. We noted in Tanner v. Moseley, 441 F.2d 122, 125 (8th Cir. 1971) (Bright, J., concurring), that "[u]nder the rule of Zerbst v. Kidwell, 304 U.S. 359 [58 S.Ct. 872, 82 L.Ed. 1399], (1938), the Board of Parole, not the district court, generally determines whether the balance of the first sentence shall be served consecutively with the second sentence."

4. We think Judge Noland's reference to "the sentencing judge" meant Judge Templer on the "Kansas" conviction, as he was the only judge who could possibly vary the term of the Kansas sentence in relation to the parole violation reincarceration.

petitioner apply to the sentencing judge for relief, either as per the relief granted in Gernie [United States v. Gernie, 228 F.Supp. 329 (S.D.N.Y. 1964)] or under a petition to alter sentence under 28 U.S.C. § 2255.

As stated previously, Sec. 2255 is the proper remedy for prisoners in this petitioner's position. It is the finding of this Court that petitioner can make no valid argument on law or facts that his remedy lies in this Court instead of in the sentencing court * * *.

The petitioner did not appeal Judge Noland's dismissal of the habeas corpus action.

On January 3, 1973, petitioner filed the action here involved, a *pro se* document entitled "motion pursuant to Title 28 U.S.C. 2255," which, very liberally construed, was based on the same grounds as his habeas corpus complaint filed with Judge Noland in Indiana. On May 24, 1973, petitioner, this time represented by employed counsel, amended his § 2255 motion with express claims that his constitutional rights were abridged due to the delay by the Board of Parole in executing its parole violator warrant.[5] Judge Henley first ruled on the original petition and held that petitioner was not entitled to relief since "there was nothing ambiguous or illegal about the consecutive sentences imposed on petitioner." Considering the amended petition, Judge Henley first stated:

> [W]ith all due respect to the District Court in Indiana, this Court gravely doubts that it has power to entertain the allegations of the amended petition under section 2255 or under the "all writs" provision of 28 U.S.C.A., section 1651(a).

> * * * * * *

[F]rankly, this Court thinks that the United States District Court in Indiana was the proper legal forum for litigation of the question of the legality of the revocation of petitioner's parole.

Nevertheless, Judge Henley entertained the § 2255 motion, "since petitioner has applied for relief in Indiana and was denied relief on the ground that he should have come here, * * * since time for appeal from the Indiana ruling has long since expired, and since the Government has responded to the amended petition on the merits." Concerning the delay of the Board of Parole in executing the parole violator warrant, Judge Henley on July 24, 1973, denied relief on the merits. With the added discussion concerning other possible post conviction relief, we hold that the District Court did not have jurisdiction to hear petitioner's claim concerning the delay of the Board of Parole in executing the parole violator warrant.

Jurisdiction is always the first issue to decide; for without the power to hear an action and to execute a decision the sitting tribunal is actually not a court at all. In the overview, courts stay within the legislatively determined limits so that their power is properly used for the citizenry. The overstepping of the jurisdictional limits can lead at least to confusion, at the worst to a corruption of the granted power. Here we have confusion. Such underlying principles on the limits of jurisdiction must continually be realized when dealing with the individual case, for minor inroads to necessary and established principles may destroy the principles a slight step at a time.

▆▆▆ Concededly, if the District Court lacked jurisdiction to hear this case, the parties cannot waive jurisdic-

---

5. Petitioner on appeal first states that Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), required a hearing on July 23, 1968, the day that federal authorities knew that a parole violator warrant would be lodged against petitioner. Petitioner's amended § 2255 action in Arkansas did not allege a violation of *Morrissey*; however, our decision on jurisdictional grounds does not require us to inquire further into this issue. Petitioner should be aware of the Supreme Court's recent statement concerning the retroactivity of *Morrissey*. *See* note 10 and text accompanying, *infra*.

tion by proceeding to a hearing on the merits. Ahrens v. Clark, 335 U.S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); United States v. Sahli, 216 F.2d 33, 37 (7th Cir. 1954). The petitioner's filing of this § 2255 motion in federal district court in Arkansas and the Government's responding on the merits do not necessarily grant the District Court jurisdiction to hear the claim.

First, petitioner's claim is not properly cognizable under § 2255, for the District Court lacked subject matter jurisdiction to hear the motion. We restate the petitioner's two claims made in the District Court and on appeal: (a) the Board of Parole unreasonably and in denial of constitutional rights waited until July 14, 1971, to serve the parole violator warrant; and (b) the Board of Parole did not hold a parole revocation hearing in July, 1968, in violation of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for the revocation of the parole granted petitioner on December 26, 1966.

In Tanner v. Moseley, 441 F.2d 122 (8th Cir. 1971), this court was faced with the exact facts and issue presented in petitioner's first claim, and Tanner's rationale applies to both of petitioner's above claims. In quoting Stinson v. United States, 342 F.2d 507, 508 (8th Cir. 1965), this court held:

"[A]ppellant is not attacking the validity of the sentence imposed upon him * * * rather, he is questioning the United States Board of Parole regarding the manner in which that sentence is being executed. Appellant may not utilize 28 U.S.C.A. § 2255 to secure the relief he seeks. This is clear from the language itself, and from the cases where the question arose. (Citing cases). If appellant is being illegally detained, his remedy is by habeas corpus in the proper judicial district."

Tanner v. Moseley, supra, 441 F.2d at 124 (emphasis in original).

The unstated but necessarily underlying rationale of Tanner is that the district court lacked subject matter jurisdiction of the claim presented under § 2255. The subject matter of Tanner's claim, the matter of the execution of the sentence, is not one of the recognized grounds for relief under § 2255.[6] In other words, the claim herein raised is not cognizable under § 2255.

■■ The Supreme Court has said that the bill enacting § 2255 was a "jurisdictional bill"[7] with the major purpose of shifting the hearing of previous habeas corpus actions to the more convenient forum of the sentencing court. Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); United States v. Hayman, 342 U.S. 205, 212–214, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Hartwell v. United States, 353 F.Supp. 354, 357 (D.D.C.1972).[8] Prior to the enactment of § 2255 in 1948, federal district courts were being deluged with claims for relief from prisoners who were incarcerated in the territorial areas of these district courts. Section 2255 was enacted to create a jurisdictional basis in the sentencing court for certain types of post conviction claims, in general those dealing with the imposition of the sentence in which the sentencing court would have the previous knowledge and the immediate access to the

---

6. The subject matter grounds for relief under § 2255 are:
 (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.
 Jackson v. United States, 495 F.2d 349, 351 (8th Cir. 1974), quoting Hill v. United States,

368 U.S. 424, 426–427, 82 S.Ct. 468, 7 L.Ed. 2d 417 (1962).

7. United States v. Hayman, 342 U.S. 205, 218, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

8. For a discussion of post conviction remedies in federal courts see Developments in the Law—Federal Habeas Corpus, 83 Harv.L. Rev. 1038 (1970); E. B. Hunter, Post Conviction Remedies, 50 F.R.D. 153.

necessary files. Therefore, § 2255 granted *in personam* jurisdiction in the sentencing court over the petitioner and the custodian of the petitioner, even though they would not necessarily be within the territory of the district court. This grant of jurisdiction by Congress was a departure from the rule in habeas corpus actions announced in Ahrens v. Clark, *supra,* that required the physical presence of the defendant and his custodian within the territorial confines of the district court.

 Section 2255, however, did not grant subject matter jurisdiction over all types of post conviction claims. It established subject matter jurisdiction for the enumerated claims in the statute, which relate to the legality of the sentence. *Cf.* Tanner v. Moseley, *supra,* 441 F.2d at 124; Stinson v. United States, *supra,* 342 F.2d at 508; Allen v. United States, 327 F.2d 58, 59 (5th Cir. 1964); Halprin v. United States, 295 F.2d 458, 459 (9th Cir. 1951); Hartwell v. United States, *supra,* 353 F.Supp. at 357–58; Halprin v. United States, 293 F.Supp. 1186, 1187 (S.D.N.Y.1968). To allow jurisdiction under § 2255 in this case would defeat its purpose in creating subject matter jurisdiction over those claims concerning the imposition of the sentence. Congress only intended to shift jurisdiction over specific types of claims in order to distribute post conviction cases more efficiently. In this case, the claims involving the Board of Parole do not relate to Judge Henley's imposition of the nine-year "Arkansas" sentence; rather they involve the matter of the execution of petitioner's sentences.

 Petitioner is not attacking the legality of the "Arkansas" sentence, and according to his brief:

[He] is not attacking the proposition "who is to decide the method of service of the unexpired first sentence as re-

lated on the new, second sentence." This has already been decided by the Parole Board, but appellant is attacking the term of the unexpired first sentence * * * because he was denied a *Morrissey* hearing shortly after the Parole Board issued its May 8, 1968 parole violator warrant.

Judge Henley had no part in the parole violation proceeding, and that proceeding cannot affect the validity of the "Arkansas" sentence. Whether or not that proceeding is legally proper so as to affect the detention of the petitioner relates to the legality of the detention, not the sentence, and is cognizable in habeas corpus.

We do not dismiss petitioner's action here only upon the failure to allege a justiciable case under § 2255. Petitioner's first § 2255 motion in Arkansas was filed *pro se,* and we will liberally review the facts alleged to determine whether there are any jurisdictional grounds for the District Court to hear his claims. We look to the "essence of his complaint and do so, without controlling reference to the label or title of his pleadings, in order that we may determine whether the court had jurisdiction under any theory which might afford relief." Booker v. Arkansas, 380 F.2d 240, 242 (8th Cir. 1967).[9]

 If petitioner's § 2255 motion is construed as a federal habeas corpus action, the District Court in Arkansas would still lack jurisdiction, the petitioner being confined in Indiana. The Supreme Court in a different context has recently construed the jurisdictional requirements of federal habeas corpus under 28 U.S.C. § 2241(a). Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). *Braden* reversed the rigid rule of Ahrens v. Clark, *supra,* that required the presence of the defendant and his custodian for *in personam* jurisdiction

9. In United States v. Morgan, 346 U.S. 502, 505 n. 3, 74 S.Ct. 247, 249, 98 L.Ed. 248 (1954), *quoting* Darr v. Burford, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761 (1940), the Court viewed a motion for an order voiding the judgment as a writ of error *coram nobis* with the expressed goal of judging "the papers by the simple statutory test of whether facts are alleged that entitle the applicant to relief."

of a federal habeas corpus action. *Braden* does not require that the habeas corpus plaintiff be physically present within the district in which the action is filed; however, it still at least requires that the "court issuing the writ have jurisdiction over the custodian." *Braden, supra* at 495, 93 S.Ct. at 1130. Although *Braden* discusses the convenience of the forum, a venue consideration, the minimum jurisdictional requisite of the presence of the custodian within the territorial confines of the district court must be satisfied before venue considerations are balanced.

In this case, no custodian of petitioner is within the confines of the Eastern District of Arkansas. The warden of the United States Penitentiary in Terre Haute, Indiana, can be called petitioner's immediate custodian, and the Board of Parole, located in Washington, D. C., can be called another custodian due to its procedures in detaining petitioner. As of last notice to us, petitioner is still incarcerated in Terre Haute, Indiana. Therefore, neither the petitioner nor his custodian is located within the Eastern District of Arkansas. The District Court, therefore, lacks *in personam* jurisdiction in a federal habeas action to hear petitioner's claim.

 Certainly, the District Court in Arkansas lacks power to entertain a reduction of his Kansas sentence under Fed.R.Crim.P. 35, the Kansas sentence being the interlude confinement that has had the effect of prolonging the service of the Arkansas sentence. The sentencing judge in that case is Judge Templer in the District of Kansas, who could have reviewed petitioner's sentence for the "Kansas" conviction in light of the parole violator warrant lodged but not served on petitioner. This was the procedure employed in *Tanner. Cf.* United States v. Ellenbogen, 390 F.2d 537, 543 (2d Cir. 1968); E. B. Hunter, Post Con-

viction Remedies, 50 F.R.D. 153, 154. Nevertheless, even if the requirements of Rule 35 are met and even if Judge Henley is the proper sentencing judge to petition for relief, Judge Henley has already held that there was "nothing * * * illegal about the consecutive sentences imposed on petitioner." The reduction of a sentence is addressed to the discretion of the District Court, and we will not disturb the District Court's denial of relief under Rule 35. Jacobsen v. United States, 260 F.2d 122, 123 (8th Cir. 1958). Also, relief under Fed.R. Crim.P. 35, part of which allows for the correction of an illegal sentence at any time, is not allowable, since the judgment of conviction authorized the sentence rendered by Judge Henley. United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

 Further, *coram nobis* relief pursuant to the all-writs section of the Judicial Code, 28 U.S.C. § 1651(a), is inappropriate under the facts of this case. *See* United States v. Morgan, *supra* at 506, 74 S.Ct. 247. Even assuming that the District Court had the jurisdiction to entertain such a writ of error, we do not think that this is the type of compelling circumstance in which this extraordinary writ should be allowed. United States v. Morgan, *supra* at 512, 74 S.Ct. 247; Booker v. Arkansas, 380 F.2d at 240. While petitioner may still present his Morrissey v. Brewer revocation-of-parole argument before a proper forum, it appears his whole case lacks substance in light of Wolff v. McDonnell, 418 U.S. '539, 573–576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).[10]

In addition to our above comments relating to the availability of other post conviction relief, we dismiss petitioner's § 2255 motion for lack of jurisdiction without prejudice to asserting his claim in a proper forum.[11]

---

10. We strongly point out to petitioner a recent statement by the Supreme Court: "[T]he due process requirements there announced [in *Morrissey*] were to be 'applicable to *future* revocations of parole,' 408 U.S. at

490 (emphasis supplied)." Wolff v. McDonnell, 418 U.S. 539, 573, 94 S.Ct. 2963, 2983, 41 L.Ed.2d 935 (1974).

11. We should note that petitioner's first § 2255 motion in Arkansas raised various col-

Petitioner's § 2255 motion is dismissed without prejudice.

WEBSTER, Circuit Judge (concurring).

Judge Henley ruled, and I believe correctly, against petitioner on the merits. Since the court today dismisses the petition without prejudice, it seems unlikely that either side will pursue the question which in my view remains to be resolved. That question is whether the United States, on full notice of petitioner's claim, can enter its appearance and supply the needed jurisdiction without personal service upon a particular federal warden who happens not to be within the court's territorial jurisdiction.

This case illustrates an anomaly which now exists between a § 2255 case and federal prisoner *habeas* cases outside the purview of § 2255. The respondent in a § 2255 action is the United States of America; the respondent in other federal prisoner cases is the warden of the institution having custody over petitioner. This seems to be so notwithstanding in this case it is the action of the United States Parole Board, and not the warden, which petitioner challenges.

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973), the Supreme Court rejected the argument that 28 U.S.C. § 2241(a)[1] limited a district court's habeas corpus jurisdiction to cases where the prisoner seeking relief is confined within its territorial jurisdiction. In so doing, it expressly rejected any implication in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), that the presence of the petitioner is required as an inflexible jurisdictional rule. The necessary ingredient, it held, was "jurisdiction over the custodian". The Court said:

So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

410 U.S. at 495, 93 S.Ct. at 1130.

Since *Braden*, it seems clear that it is only necessary to obtain service of process upon the "custodian" in order for the district court to exercise jurisdiction. Thereafter, traditional principles of venue apply. *Braden* involved a state institution, state convictions and multiple sovereignties. Here we deal only with the federal penal system, and all of the related convictions are federal. The Bureau of Prisons and the Parole Board are national in scope. It seems to me that in a purely federal context the requirement of personal jurisdiction over the warden of the institution hangs by a very thin thread. It has been abandoned by statute in § 2255 cases.[2] What public interest is served by requiring that the local "branch manager" be served before the court can consider a challenge to the action of the national board? Of what advantage is it to the system that this challenge be heard only in Indiana? In this case, I can see no advantage or disadvantage to either side if Judge Henley were permitted to deal with the merits of the case in Arkansas. A recent comment sums it up this way:

So long as the petitioner names as respondent a person or entity with

lateral attacks concerning his 1962 conviction. Of course, Judge Henley did have jurisdiction to hear those claims and dismissed them. Those matters were not appealed.

1. Writs of habeas corpus may be granted by the Supreme Court, any Justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

2. In formulating a post conviction remedy for federal prisoners, Congress ignored the traditional rule regarding choice of a proper respondent. The district courts are responsible for giving notice to the government, and the United States is the respondent of record. Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1167 (1970).

power to release him, there is no reason to avoid reaching the merits of his petition. If he is confined by state judicial process or executive action of the state or federal government, he should be permitted to name as respondent either the government or the official holding him in custody.[3]

If we adhere to strict concepts of personal jurisdiction in a purely federal context, we leave in an orphaned state those habeas corpus claims of federal prisoners which do not fall strictly within § 2255.[4] If on the other hand the problem is viewed as one of *venue* rather than jurisdiction, the balance of convenience could be satisfied by dismissal or transfer to another district where it might have been brought. 28 U.S.C. §§ 1404(a),[5] 1406(a).[6] This is exactly what was done in Wilkins v. Erickson, 484 F.2d 969 (8th Cir. 1973). And venue, unlike jurisdiction, may be waived.[7]

In this case, the United States entered its appearance and responded on the merits.[8] In light of *Braden,* can it still be said that a federal district court cannot hear the case because the warden cannot be served within its district? I believe that future cases will make clear that the appearance of the United States supplied the needed personal jurisdiction and that venue was waived.[9] But because the weight of authority still appears to the contrary and the petitioner is plainly not prejudiced by our holding in this case, I concur.

3. *Id.* at 1168. In military *habeas* cases, the Supreme Court has adopted a concept of "presence" through contacts in sustaining jurisdiction over superior officers outside the District. Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972).

4. If relief is possible under § 2255, it is the exclusive remedy and habeas corpus is barred for a federal prisoner. The writ [habeas corpus] may be used only by those who are not within the scope of § 2255, such as a person committed for mental incompetency, or one confined in prison without any judgment of court, *or one who does not challenge his conviction or his sentence but claims he is being held after expiration of the sentence.* 2 C. Wright & A. Miller, Federal Practice and Procedure § 592, at 584-85 (1969) (emphasis added)

5. For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

6. The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

7. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1352 (1969), and cases cited therein.

8. I realize that in other factual circumstances the United States may refuse to be named as respondent in a non-§ 2255 case. There may nonetheless be superiors to the warden amenable to the court's jurisdiction in such cases.

9. *See, e. g.,* Hensley v. Municipal Court, San Jose-Milpitas Judicial District, Santa Clara County, 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973):
Thus, we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements. The demand for speed, flexibility, and simplicity is clearly evident in our decisions concerning the exhaustion doctrine, Fay v. Noia, 372 U.S. 391 [83 S.Ct. 822, 9 L.Ed.2d 837] (1963); Brown v. Allen, 344 U.S. 443 [73 S.Ct. 397, 97 L.Ed. 469] (1953); the criteria for relitigation of factual questions, Townsend v. Sain, 372 U.S. 293 [83 S.Ct. 745, 9 L.Ed.2d 770] (1963); the prematurity doctrine, Peyton v. Rowe, 391 U.S. 54 [88 S.Ct. 1549, 20 L.Ed.2d 426] (1968); the choice of forum, Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 [93 S.Ct. 1123, 35 L.Ed. 2d 443] (1973); Strait v. Laird, 406 U.S. 341 [92 S.Ct. 1693, 32 L.Ed.2d 141] (1972); and the procedural requirements of a habeas corpus hearing, Harris v. Nelson, *supra* [394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281].