**Emanuel H. DANIELS, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

**No. 73–310.**

United States District Court, W. D. Pennsylvania.

April 12, 1977.

Emanuel H. Daniels, pro se.

Blair A. Griffith, Pittsburgh, Pa., for respondent.

## MEMORANDUM AND ORDER

TEITELBAUM, District Judge.

The petitioner was convicted in this Court of armed bank robbery under 18 U.S.C. § 2113 on February 19, 1974 and was sentenced to a term of twenty-five (25) years imprisonment. He and his co-defendants each had their request for parole denied by the United States Parole Commission. Their motions to vacate sentence, challenging the decisions of the Parole Commission, were then filed in this Court under. 28 U.S.C. § 2255. The motions of petitioner's co-defendants were denied in a memorandum of order issued on March 10, 1977. The Court now denies the motion of petitioner Daniels for reasons stated below.

■ The petitioner was sentenced pursuant to the authority vested in this Court by 18 U.S.C. § 4208(a)(2). Unlike 18 U.S.C. § 4202, which does not authorize a prisoner's release on parole until he has served at least one-third of his sentence, § 4208(a)(2) allows for immediate parole eligibility. As an aid in the exercise of its discretionary powers under § 4208(a)(2), the Parole Commission has established a set of guidelines which categorize prisoners according to the severity of their offense and recommend appropriate prison terms for those who fall into each category. Deviations from these guidelines are permitted when warranted by the circumstances. 28 C.F.R. § 2.1 *et seq.*, see *Salerno v. United States,* 538 F.2d 1005 (3d Cir. 1976); *United States v. Slutsky,* 514 F.2d 1222 (2d Cir. 1975).

■ The Parole Commission's decision to deny parole to the petitioner was based at least in part upon these guidelines. Petitioner alleges that the use of these guidelines has deprived him of the right to have his case decided on an individualized basis. Beyond this, the precise nature of the petitioner's claim is unclear. To the extent that he is challenging the sentence imposed by this Court on the ground that it was based on an incomplete understanding of the consequences of the sentence, it is rejected. The use of these guidelines does not frustrate the intent of the Court in sentencing petitioner. The Court did not wish to compel purely ad hoc decision-making by the Parole Commission. The use of guidelines serves to accommodate the need for individualized decision-making and the need for safeguards against arbitrary decision-making. As such, the guidelines do not frustrate, but further the Court's purposes.

■ The petition may also be read as an attack upon the manner in which the petitioner's sentence is being executed. Such a

**520**

claim is not cognizable in an action under § 2255, which is limited to attacks upon the validity of a sentence but through a writ of habeas corpus issued by the District Court of the district of confinement. *Ridenour v. United States,* 446 F.2d 57 (9th Cir. 1971); *Allen v. United States,* 327 F.2d 58 (5th Cir. 1964); *Hartwell v. United States,* 353 F.Supp. 354 (D.C.D.C.1972).

Accordingly, petitioner's motion to vacate sentence will be denied by appropriate Order.