UNITED STATES of America, Appellee,

v.

Robert HUTCHINGS, Appellant.

No. 87–2111.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 23, 1987.

Decided Dec. 10, 1987.

Rehearing and Rehearing En Banc
Denied Jan. 22, 1988.

Robert Hutchings, pro se.

Steven E. Holtshouser, Asst. U.S. Atty.,
St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and
BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Robert Hutchings appeals *pro se* from a final order entered in the District Court[1] for the Eastern District of Missouri denying his 28 U.S.C. § 2255 motion to set aside, vacate or correct his sentence. *United States v. Hutchings*, No. 87–1072–C–(C) (E.D.Mo. Aug. 4, 1987). For the reasons discussed below, we modify the district court's order and affirm as modified.

Hutchings is currently serving a 15 year sentence for mail fraud, wire fraud and knowingly transporting fraudulent checks through interstate commerce, to be followed by 5 years probation. Hutchings's convictions were affirmed on direct appeal. *United States v. Hutchings*, 751 F.2d 230 (8th Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 75 (1985).

On June 5, 1987, Hutchings filed the present § 2255 motion seeking an order directing the United States Parole Commission (USPC) to grant him a release date in accordance with the provisions of § 235(b)(3) of the Comprehensive Crime Control Act of 1984 (the Act), Pub.L. No. 98–473, 98 Stat. 1837, 2032 (1984). Hutchings claimed in his § 2255 motion that he is entitled to be released under § 235(b)(3). Section 235(b)(3) sets forth transition rules for the USPC in light of proposed sentencing reforms. Hutchings argued that the USPC incorrectly determined that the transition rules did not apply to him, thereby resulting in his unauthorized detention. In response, the government argued that relief should be denied because (1) the issues raised are not cognizable under 28 U.S.C.

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

§ 2255 because they do not affect the validity of Hutchings's sentence and (2) Hutchings's January 4, 1989, parole eligibility date does not present a transitional problem because it is prior to November 1, 1992, the date set for the expiration of the USPC.

The district court in essence adopted the government's second argument and denied Hutchings's § 2255 motion. *United States v. Hutchings*, No. 87–1072–C–(C), slip op. at 3, *citing Miller v. Story*, 814 F.2d 320, 321 (6th Cir.1987) (per curiam) (§ 235(b)(3) does not apply to prisoner with parole eligibility date within 5 years after the November 1, 1987, effective date of the Act, as amended). The district court did not address the government's first point which impliedly argued that the district court lacked subject matter jurisdiction over the § 2255 motion.

The district court also denied Hutchings's 28 U.S.C. § 2241(a) petition for a writ of habeas corpus, which challenged the validity of his mail fraud convictions in light of *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), and his motion for default judgment. *United States v. Hutchings*, No. 87–1072–C–(C), slip op. at 2–4.

In this *pro se* appeal, Hutchings argues that the district court erred in denying his § 2255 motion for release under the transition rules set forth in § 235(b)(3) of the Act.

It is well-settled that a court may raise the question of subject matter jurisdiction at any time either on the motion of a party litigant or *sua sponte*. *See* Fed.R.Civ.P. 12(h)(3); *United States v. Griffin*, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938). In the present case, Hutchings has confused the remedy available pursuant to 28 U.S.C. § 2255 with that available pursuant to 28 U.S.C. § 2241(a).

In *Lee v. United States*, 501 F.2d 494, 500 (8th Cir.1974), this court held that a petitioner's claims that the United States Board of Parole had delayed execution of a parole violator warrant and had failed to hold a parole revocation hearing were not properly cognizable under § 2255 and dismissed without prejudice for lack of subject matter jurisdiction. The court reasoned that the petitioner was challenging the manner in which his sentence was being executed, rather than attacking the validity of the sentence itself. *Id.* at 499–500. If the petitioner were being illegally detained, his remedy was by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241(a) in the proper judicial district. *Id.* at 500; *see also United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979) (actions taken by USPC in connection with prisoner's sentence which did not affect the validity of the final judgment did not provide a basis for collateral attack on sentence pursuant to § 2255); *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir.1985) (per curiam) (whether retrospective application of USPC guidelines violates the *ex post facto* clause not cognizable under § 2255); *United States v. Ferri*, 686 F.2d 147, 158 (3d Cir. 1982) (claim that USPC's application of new guidelines to prisoner constitutes a violation of the *ex post facto* clause was a challenge to the USPC's action in executing the sentence and was not cognizable under § 2255), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir.1977) (per curiam) (complaint that prison officials failed to credit prisoner with good time not cognizable under § 2255 because such a claim did not challenge the sentence itself).

■ In the present case, Hutchings in his § 2255 motion attacked the execution of his sentence, *i.e.*, the lawfulness of his sentence as it is being executed under the USPC's interpretation of § 235(b)(3) of the Act, rather than the validity of the sentence itself. Such an attack on the execution of the sentence is not properly cognizable in a § 2255 motion. Therefore, the district court lacked subject matter jurisdiction over Hutchings's § 2255 motion. *See, e.g., Lee v. United States*, 501 F.2d at 499–500.

■ As noted above, however, Hutchings's attack on the execution of his sentence is properly cognizable in a 28 U.S.C.

§ 2241(a) habeas petition. *Id.* at 500. We will consider Hutchings's § 2255 motion as if it were a § 2241(a) habeas petition for purposes of appeal. Even so construed, however, the district court lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located. *See, e.g., United States v. Monteer,* 556 F.2d at 881; *Lee v. United States,* 501 F.2d at 501. Hutchings is incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri, which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). The USPC is located in Washington, D.C.[2] Thus, the § 2241(a) habeas petition was not properly filed in the Eastern District of Missouri.

 As noted above, the district court also denied Hutchings's § 2241(a) habeas petition challenging the validity of his mail fraud convictions in light of *McNally v. United States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). For the reasons discussed above, the district court lacked personal jurisdiction over the § 2241(a) habeas petition. However, because Hutchings's § 2241(a) habeas petition directly challenged the validity of his sentence, such a claim is properly cognizable under § 2255. *E.g., Lee v. United States,* 501 F.2d at 499–500. We will consider Hutchings's § 2241(a) habeas petition as if it were a § 2255 motion for purposes of appeal. As a § 2255 motion, it was correctly filed in the Eastern District of Missouri, the district court which imposed the sentence. *See* 28 U.S.C. § 2255. On the merits, we agree with the district court that *McNally v. United States* is not applicable here. Hutchings's mail fraud convictions were based on a scheme to defraud a corporation of more than $900,000 in insurance premiums, not merely the "intangible right of the citizenry to good government." 107 S.Ct. at 2879.

Accordingly, we modify the district court's order to dismiss, without prejudice,

the § 2241(a) habeas petition challenging the execution of his sentence for lack of personal jurisdiction. We affirm the district court's order denying Hutchings's § 2255 motion challenging the validity of his sentence. The district court's order, as modified, is affirmed.

---

**2.** In *McCoy v. United States Bd. of Parole,* 537 F.2d 962, 965 (8th Cir.1976), this court held that in a 28 U.S.C. § 2255 motion, service upon the USPC's Regional Director in Kansas City, Missouri, afforded personal jurisdiction over the USPC in the Western District of Missouri.