Gregory R. MILLER, Petitioner-Appellant,

v.

Bill STORY, Warden; United States Parole Commission; and Southeast Regional Parole Commission, Respondents-Appellees.

No. 86-5775.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1987.

Decided March 23, 1987.

Eldon L. Webb (argued), Ashland, Ky., for petitioner-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Monica Wheatley, Robert E. Rawlins, Michael A. Stover (argued), U.S. Parole Com'n, Chevy Chase, Md., for respondents-appellees.

Before ENGEL and NORRIS, Circuit Judges and PECK, Senior Circuit Judge.

PER CURIAM.

Petitioner-appellant, Gregory R. Miller, instituted this habeas corpus proceeding seeking an order directing the United States Parole Commission and the Warden at the Federal Correctional Institution, Ashland, Kentucky, to grant him a release date, in accordance with the provisions of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, § 235(b)(3), 98 Stat. 1837, 2032 (1984). Miller is currently serving a twenty-year sentence, imposed on March 22, 1985, following his conviction for unarmed bank robbery. The United States Parole Commission, on February 11, 1986, after reviewing a variety of factors relevant to Miller's incarceration, entered an order providing for presumptive parole after service of eighty months, the minimum statutorily required incarceration. *See* 18 U.S.C. § 4205(a).

Miller contends on appeal, as he did below, that, by virtue of the enactment of the Comprehensive Crime Control Act, most provisions of which became effective on October 12, 1984, he no longer is subject to the minimum requirement of Section 4205(a). He argues that because the Act abolishes the parole commission five years after the effective date of the Act, and requires it to set release dates early enough to permit it to consider administrative appeals before going out of business,

the Act necessarily overrides the longer release date that had been set for him pursuant to Section 4205(a).

The problem with this argument is that the section of the Act upon which petitioner relies, Section 235(b)(3), is not effective until November 1, 1987. *See* § 235(a)(1), *amended by* Pub.L. 99–217, § 4, 99 Stat. 1728, 1728 (1985). Until that time, all sentencing is controlled by 18 U.S.C. § 4201 *et seq.* The five-year transitional phase does not begin until November 1, 1987. Thus, there is no transitional problem since appellant is eligible for parole prior to November 1, 1992.

Miller argues that Congress, by passing Section 235(b)(3), meant to implicitly repeal 18 U.S.C. § 4205(a). Repeal by implication, however, occurs only when statutory provisions are irreconcilable. *See Morton v. Mancari,* 417 U.S. 535, 550, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974). Section 235(a)(3) and 18 U.S.C. § 4205(a) are not irreconcilable because Congress has manifested the intent that Section 235(b)(3) will not be effective until November 1, 1987, the same date Section 4205(a) is repealed.

Accordingly, the judgment of the district court, dismissing the petition for habeas corpus, is affirmed.