**Thomas FARESE, Petitioner-Appellant**

v.

**Bill STORY, Warden, FCI, Ashland, Kentucky; United States Parole Commission; and Southeast Regional Parole Commission, Respondents-Appellees.**

No. 86–5894.

United States Court of Appeals,
Sixth Circuit.

Argued May 1, 1987.
Decided July 21, 1987.

Thomas Farese, pro se.

Benson Weintraub, Bierman, Sonnett, Shohat & Sale, Benedict P. Kuehne (argued), Miami, Fla., for amicus curiae Nat. Assoc. of Criminal Defense Lawyers.

Louis DeFalaise, U.S. Atty., Monica Wheatley, Robert E. Rawlins, Michael A. Stover (argued), Lexington, Ky., for respondents-appellees.

Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH,* District Judge.

## PER CURIAM.

Petitioner Thomas Farese appeals from a judgment of the United States District Court for the Eastern District of Kentucky dismissing his claim for federal habeas corpus relief under 28 U.S.C. § 2241. We affirm.

Farese is serving two concurrent federal sentences. The first is a twenty-four year sentence, to be followed by a six-year special parole term, for participation in a continuing criminal enterprise in violation of 21 U.S.C. § 848. The second is a fifteen-year regular adult sentence for possession of marijuana with intent to distribute. Farese was committed to the custody of the Attorney General on April 16, 1981. Before then he had accumulated 144 days of jail time credit.

In his application for habeas corpus, Farese seeks an order directing the government to set a date for releasing him on parole. The laws that were in force when Farese was sentenced place two obstacles before him in his request for parole. First, 21 U.S.C. § 848(c) provides that parole is not available for any sentence imposed under section 848. Second, 18 U.S.C. § 4205(a) provides that a prisoner is eligible for parole only after serving one-third of his sentence. Farese has not served one-third of his sentence under section 848.

Farese contends that certain provisions of the Sentencing Reform Act of 1984, Pub. L.No. 98–473, 98 Stat. 1837, 1987 (1984), give him a right to parole and require the government to determine now when he will be released. The Sentencing Reform Act provides for replacement of the parole system with a system of determinate sentencing. *Chatman-Bey v. Meese,* 797 F.2d 987, 995 n. 11 (D.C.Cir.1986). The first provision of the Act that Farese relies on is section 224(c), which deletes the no-parole provision of 21 U.S.C. § 848(c). 98 Stat. at 2030.

The second provision that Farese relies on is section 235(b)(3), 98 Stat. at 2032. This section works together with sections 218(a)(5) and 235(b)(1)(A), which provide for abolition of the United States Parole Commission five years after the effective date of the Act. 98 Stat. at 2027, 2032. Section 235(b)(3) requires the Commission to decide on a parole date, under the applicable parole guideline, for every prisoner who will be in its jurisdiction the day before it is abolished. Also, the Commission must decide early enough that a prisoner who appeals the decision can receive consideration of the appeal before the Commission is abolished.

■ With regard to his first concurrent sentence, Farese argues that section 224(c) of the Act, which deletes the no-parole provision of 21 U.S.C. § 848(c), implies that parole is available for sentences imposed under section 848. Even if we accept this argument, it does not help Farese. First, section 224(c) does not go into effect until November 1, 1987. *See* Sentencing Reform Act, § 235(a)(1), 98 Stat. at 2031, *amended by* Pub.L.No. 99–217, § 4, 99 Stat. 1728 (1985). Second, section 224(c) does not state that the deletion of the no-parole provision applies retroactively. In the absence of an explicit retroactivity provision, the

---

* Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

amendment does not apply to Farese's sentence. *See Warden v. Marrero*, 417 U.S. 653, 659–64, 94 S.Ct. 2532, 2536–38, 41 L.Ed.2d 383 (1974); 1 U.S.C. § 109.

Moreover, we disagree with Farese's interpretation of the deletion of section 848's no-parole provision. Because the Sentencing Reform Act abolishes all parole, to keep the no-parole provision in section 848 would leave a redundancy in the statute books. Thus, the amendment of section 848 is a technical change designed to make it consistent with the nonexistence of parole.

Finally, even if the amendment of 21 U.S.C. § 848 meant that offenders under that section are eligible for parole, and if such an amendment applied retroactively to Farese, he still would not be entitled to an immediate parole determination under section 235(b)(3) of the Sentencing Reform Act. That section does not go into effect until November 1, 1987. *Miller v. Story*, 814 F.2d 320 (6th Cir.1987). In sum, the district court was correct in dismissing Farese's claim for relief on his first concurrent sentence.

We now turn to Farese's claim to have the parole date set for his second concurrent sentence. Assuming his arguments on this claim are correct, we still cannot grant relief. If we were to order a parole date for the second sentence, Farese would not be released on that date, because he cannot receive parole for his first sentence. Thus, with regard to the second sentence, the district court was correct in holding that Farese has not stated a claim on which relief can be granted.

For these reasons, we AFFIRM the judgment of the district court.