**Brett C. KIMBERLIN, Petitioner-Appellant,**

v.

**R.D. BREWER and United States Parole Commission, Respondents-Appellees.**

No. 86–1297.

United States Court of Appeals, Seventh Circuit.

Submitted June 3, 1987.[*]

Decided Aug. 4, 1987.

Rehearing Denied Sept. 30, 1987.

---

* On March 5, 1987, we notified the parties that    this appeal would be decided without argument

Brett C. Kimberlin, Oxford, Wis., for petitioner-appellant.

Sherre L. Gowey, Asst. U.S. Atty., John R. Brynes, U.S. Atty., U.S. Attorney's Office, Madison, Wis., for respondents-appellees.

Before RIPPLE and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Petitioner Brett C. Kimberlin, who has been convicted of various federal crimes, filed a petition for a writ of habeas corpus alleging that the Parole Commission has improperly denied him a hearing. He argues that, although he was sentenced to 50 years in prison on December 31, 1981, he is entitled to be paroled immediately. Specifi-

cally, Kimberlin argues that in passing section 235(b)(3) of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (1984), Congress implicitly repealed 18 U.S.C. § 4205(a) which provides that "a prisoner shall be eligible for release on parole ... after serving ten years of a life sentence or of a sentence of over thirty years." The Sixth Circuit recently rejected the argument that by simply passing section 235(b)(3), Congress had repealed section 4205(a). *See Miller v. Story,* 814 F.2d 320 (6th Cir.1987). As the Sixth Circuit pointed out, 18 U.S.C. § 4205(a) is still the law even though it is scheduled for repeal on November 1, 1987. *Id.* at 321. The fact that Congress passed section 235(b)(3) as part of the Comprehensive Crime Control Act of 1984 does not change this situation. The *Miller* court correctly stated that section 235(b)(3), although passed as part of the Comprehensive Crime Control Act of 1984, is not scheduled to become effective until November 1, 1987, the same date that section 4205(a) is scheduled to be repealed. *Id.* Therefore, this case is clearly controlled by section 4205(a). Accordingly, we affirm the judgment of the district court. Kimberlin's other arguments do not require further discussion.

AFFIRMED.