856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William L. DEERING, (No. 88-5064) Petitioner-Appellant,
v.
William R. STORY; United States Parole Commission; Paul
Helo, Respondents- Appellees.
William L. DEERING, (No. 88-5212) Petitioner-Appellant,
v.
William R. STORY, Warden; Michael Quinlaw; Edwin Meese,
Respondents- Appellees.
 No. 88-5064, 88-5212.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1988.
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 4
 William Deering appeals the district court's judgments denying him habeas corpus relief under 28 U.S.C. Sec. 2241. The appeals have been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified records and the petitioner's briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 The district court declined to review Deering's claim regarding an arbitrary parole date and concluded that the Sentencing Reform Act of 1984 guidelines are inapplicable to Deering's sentence.
 
 
 6
 In both cases, Deering claimed that he is illegally confined because the Parole Commission refused to release him based on the guidelines of the Sentencing Reform Act of 1984. In Case No. 88-5064, he also claimed that his parole date is inappropriate because it is based on inaccurate information, and that the Commission violated its rules when it refused to reconsider its parole decision.
 
 
 7
 The district court sua sponte dismissed the actions as frivolous. We affirm.
 
 
 8
 Deering's challenge to the appropriateness of his parole date, rather than to its legality, is not reviewable by the federal courts, even if the Parole Commission's decision is based on inaccurate information. Farkas v. United States, 744 F.2d 37 (6th Cir.1984); Garcia v. Neagle, 660 F.2d 983 (6th Cir.1981).
 
 
 9
 Relief is also unwarranted based on Deering's claims regarding the guidelines of the Sentencing Reform Act of 1984. Those guidelines only apply to offenses committed on and after November 1, 1987. United States v. Byrd, 837 F.2d 179 (5th Cir.1988). See also Farese v. Story, 823 F.2d 975, 976-77 (6th Cir.1987). Deering's offenses occurred prior to November 1, 1987.
 
 
 10
 Accordingly, the judgments of the district court are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation