Leonard Michael STANGE,
Petitioner–Appellant,

v.

U.S. PAROLE COMMISSION, Chevy Chase, Maryland, Western Regional Parole Commission, Belmont, California; Roger F. Scott, Warden, FCI–Safford, Defendants–Appellees.

No. 88–1914.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 1989.*

Decided May 22, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Leonard Michael Stange, Safford, Ariz., pro. per.

Eugene R. Bracamonte, Asst. U.S. Atty., Tucson, Ariz., for defendants-appellees.

Before NORRIS, BEEZER and BRUNETTI, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

The Sentencing Reform Act of 1984, Pub. L. No. 98–473, 98 Stat. 1837, abolished the United States Parole Commission and repealed most of the preexisting statutory framework governing parole of federal prisoners. The Act became effective on November 1, 1987. *Romano v. Luther*, 816 F.2d 832, 837 (2d Cir.1987). However, Congress provided that the Commission should continue operating for a period of five years beyond the effective date of the Act. *See* §§ 218(a)(5), 235(b)(1)(A), 98 Stat. at 2027, 2032; *Farese v. Story*, 823 F.2d 975, 976 (6th Cir.1987). In addition, Congress provided that parts of the statutory framework governing the timing of parole should also be extended for five years past the effective date. *See* § 235(b)(1), 98 Stat. at 2032.

Appellant, who was sentenced in 1985 to a thirty-year term in federal prison, petitioned for habeas corpus on two grounds.

First, he claimed that the Sentencing Reform Act required the Parole Commission to give him an immediate parole hearing date to determine when he would be released. Second, he claimed that the Act made him immediately eligible for parole and that he was entitled to a parole release date under the applicable Parole Commission Guidelines, which he estimates would authorize parole within 12 to 24 months of eligibility. The district court denied his petition, and he appealed. We review the denial of his petition *de novo*. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985).

On appeal, appellant advances both of the contentions he made before the district court.[1]

I

Section 235(b)(3) of the Act, codified at 18 U.S.C. § 3551(b)(3), provides as follows:

> The United States Parole Commission shall set a release date for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, pursuant to section 4206 of Title 18, United States Code. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

18 U.S.C. § 3551(b)(3). Appellant argues that this provision requires the Commission immediately to set a release date for him. We disagree.

In *Romano v. Luther*, 816 F.2d 832 (2d Cir.1987), the Second Circuit rejected a claim identical to appellant's, and in doing so undertook a lengthy and exhaustive examination of § 3551(b)(3) in light of the Act's structure and legislative history. It observed that the subsection is a " 'winding-up' provision" designed to give the Pa-

---

1. Appellant also argues that the Act repealed the statute setting parole eligibility criteria, and that the Act is unconstitutional. Because these claims were not raised below, we do not address them. *See, e.g., Willard v. California*, 812 F.2d 461, 465 (9th Cir.1987); *Ahlswede v. Wolff*, 720 F.2d 1108, 1109 (9th Cir.1983), *cert. denied*, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 155 (1984).

role Commission a five-year transition period during which the Commission "should discharge its final responsibilities toward those sentenced under the preexisting law." *Id.* at 839, 837. It stated that because the "effective date of the Act" is November 1, 1987, the Commission had until November 1, 1992 to set parole release dates for prisoners within its jurisdiction. The court concluded that the subsection's "command is only to set a release date for those to whom the subsection applies 'early enough to permit consideration of an appeal of the release date....'" *Id.* at 839.

We agree with the Second Circuit. By its terms, § 235(b)(3) only requires the Commission to decide on a release date for prisoners within its jurisdiction early enough to permit an appeal of the release date. Forcing the Commission to immediately set a parole release date for all the prisoners in its jurisdiction is plainly not required by the statute, and would frustrate the statute's purpose of giving the Commission a five-year transition period to wind up its business. Because appellant will be within the Commission's jurisdiction until November 1992, the Commission has until that time—minus the time necessary for an appeal—to set appellant's release date.

## II

■ The statute governing appellant's parole eligibility provides as follows:

> Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

18 U.S.C. § 4205(a). Appellant argues that § 235(b)(3) of the Act constitutes an exception—"otherwise provided by law"—to § 4205(a), and that he therefore need not serve ten years of his thirty-year term before becoming eligible for parole.

Again we must disagree. Section 235(b)(3) simply specifies the timing of the Commission's *decisions* regarding release

dates; it says nothing about when prisoners shall actually become eligible for release. Moreover, the Act's savings clause expressly provides that chapter 311 of Title 18, which includes § 4205(a), shall remain in force for the five-year transition period covered by § 3551(b)(3). *See* § 235(b)(1)(A), 98 Stat. at 2032. Thus, nothing in the Act suggests that appellant is free from § 4205(a)'s requirements.

The judgment is AFFIRMED.