875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judith JUNOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-1877.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Judith Junod, a federal prisoner, appeals the district court's denial of her motion for findings of fact pursuant to Fed.R.Crim.P. 32 and for modification of her sentence pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Junod, a pharmacist, pleaded guilty to one-count of unlawful distribution of Talwin, a Schedule IV non-narcotic drug, in violation of 21 U.S.C. Sec. 841(a)(1), by conspiring with a co-defendant to fill fraudulent prescriptions; she was sentenced to three years imprisonment, followed by a one year special parole term, and imposition of a $10,000 fine. Junod voluntarily dismissed her direct appeal to this court, and later filed a motion to reduce her sentence pursuant to Fed.R.Crim.P. 35(b) asking the court for leniency because of special mitigating factors. The district court denied the motion, and Junod did not appeal that ruling. In the present motion, Junod alleged that the district court violated Fed.R.Crim.P. 32(c)(3)(D) because the court did not resolve a factual dispute in the presentence investigation report (PSI) regarding the amount of drugs involved in the conspiracy. Junod also argued that counsel was ineffective for not requesting findings of fact as to the controverted matters in the PSI, and that counsel failed to explain to her the importance of the PSI. Junod also filed a supplemental pleading asking that her sentence be reconsidered in light of the new sentencing guidelines of the Comprehensive Control Act of 1984. The district court denied the motion finding that a modification in sentence was not warranted because Junod received a generous plea agreement in light of the seriousness of the crime, and because other charges against her had been dropped in exchange for her guilty plea.
 
 
 3
 Upon review, we affirm the district court's judgment. The sentencing transcript indicates the court found that Junod sold at least 20,000 to 200,000 controlled substances to her co-defendant and others. Counsel did not contest the court's determination of the amount of drugs involved. Thus, there could be no violation of Rule 32(c)(3)(D) because the district court had no factual dispute to resolve regarding the amount of drugs involved. We further conclude that Junod has not sustained her burden of showing that the amount of drugs cited by the district court was incorrect. See United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987).
 
 
 4
 We also find no merit to Junod's allegation that she received ineffective assistance of counsel because counsel's performance was simply not deficient. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Counsel, prior to sentencing, filed objections to the PSI contesting the amount of drugs cited in the prosecution's version of the offense. During the sentencing hearing, counsel vigorously contested the dollar values of the prescriptions Junod filled for her co-defendant. Because of counsel's objections, the court recessed the hearing and conducted an evidentiary hearing where it heard testimony from both the petitioner and an FBI agent. The parties ultimately stipulated to amend the PSI to reflect that Junod's co-defendant spent only $500 to $2000 each time she visited the pharmacy. Furthermore, even if counsel's performance were deficient, Junod has suffered no identifiable prejudice because the three year sentence imposed fell well within the statutory maximum and did not exceed the three year cap recited in the plea agreement.
 
 
 5
 Furthermore, the court was not required to reconsider Junod's sentence in light of the new sentencing guidelines because the guidelines were inapplicable to petitioner's sentence because her crime was committed prior to November 1, 1987, the effective date of the Sentencing Reform Act. See United States v. Taggatz, 831 F.2d 1355, 1362 (7th Cir.1987); Farese v. Story, 823 F.2d 975, 977 (6th Cir.1987) (per curiam).
 
 
 6
 Finally, the district court was not required to conduct an evidentiary hearing under the circumstances of this case. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.