884 F.2d 581
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leo Victor SAVAGE, Defendant-Appellant.
 No. 88-3415.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges and THOMAS A. HIGGINS, District Judge.*
 
 ORDER
 
 2
 Leo Victor Savage, a pro se federal prisoner, appeals the district court's order denying his motion to correct an illegal sentence filed pursuant to Rule 35(a), Federal Rules of Criminal Procedure. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Savage was convicted on two counts relating to the unlawful distribution of a controlled substance within 1,000 feet of an elementary school in violation of 21 U.S.C. Secs. 841(2)(1) and 845(a). Savage was thereafter sentenced to a total of 12 years imprisonment on the charges. In addition, a six year special parole term was imposed. Savage filed his motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a), which the district court denied. He then filed this appeal.
 
 
 4
 Upon consideration, we conclude that the district court properly denied Savage's Rule 35(a) motion. See United States v. Brummett, 786 F.2d 720, 722-23 (6th Cir.1986). Savage's claim regarding the illegality of the imposition of the 6 year special parole term lacks merit. Savage distributed preludin on October 1, 1985, at which time violations of Sec. 841(a)(1) involving such a drug provided for a maximum possible sentence of 15 years in prison, a $125,000 fine, and a 3 year special parole term. See 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). When the distribution occurred within 1,000 feet of an elementary school, the penalty was doubled pursuant to 21 U.S.C. Sec. 845(a). Hence, the 6 year special parole term fell well within the statutory limit prescribed by the statute. Savage's claim was properly dismissed.
 
 
 5
 Upon further consideration, we conclude that the inability of the government to specify the total quantity of preludin distributed did not prevent the imposition of the sentence under 21 U.S.C. Secs. 841(b)(1)(B) and 845(a). See United States v. Woods, 568 F.2d 509, 512 (6th Cir.), cert. denied, 435 U.S. 972 (1978).
 
 
 6
 Finally, we conclude that Congress's November 1, 1986 amendment of 21 U.S.C. Sec. 841 eliminating special parole terms does not, in the absence of a retroactivity provision, apply to Savage's sentence. See Farese v. Story, 823 F.2d 975, 976-77 (6th Cir.1987).
 
 
 7
 Accordingly, the order to the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation