21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Carroll HINSON, Defendant-Appellant.
 No. 93-1277.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 KELLY
 
 1
 Mr. Hinson was serving a ten-year state sentence when he was sentenced to forty-nine months on a federal offense, to be served concurrently with his state sentence in a state correctional facility. Because service of the federal sentence would continue past release from the state sentence, the U.S. Marshal's Service filed a federal detainer. Mr. Hinson appeals from the district court's denial of his 28 U.S.C. 2255 motion.
 
 
 2
 Mr. Hinson urged the district court to lift the federal detainer because of its adverse collateral affects on his incarceration at the state facility, such as a higher security classification, and ineligibility for drug treatment and community corrections. He also urged the district court to modify his sentence to allow credit for federal presentence confinement while serving his state sentence.
 
 
 3
 The district court denied relief indicating that the detainer was for notification purposes only and federal presentence confinement credit would not be appropriate under 18 U.S.C. 3585(b) because Mr. Hinson had received credit for the same time on his state sentence. I R. doc. 8.
 
 
 4
 Concerning the adverse affects of the detainer in the state facility, Mr. Hinson does not state a claim under the enumerated grounds of 2255. See Hill v. United States, 368 U.S. 424, 426-27 (1962). Section 2255 jurisdiction exists to challenge the validity of a sentence, not its means of execution. United States v. Hutchings, 835 F.2d 185, 186 (8th Cir.1987). And while a defendant may attack the execution of his federal sentence by means of a 28 U.S.C. 2241 petition, the petition must allege that the sentence is being executed in violation of the Constitution or federal law. Rose v. Hodges, 423 U.S. 19, 21-22 (1975). These habeas provisions do not exist to review the state action of which Mr. Hinson complains. Concerning the claim for sentence credit, authority for calculating it is vested in the Attorney General, not in the district court, and judicial review is available only after exhaustion of administrative remedies. See United States v. Wilson, 112 S.Ct. 1351, 1353-55 (1992).
 
 
 5
 AFFIRMED. All pending motions are denied.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument